UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

SUSAN CONWAY,

        Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda Corporation
d/b/a NORWEGIAN CRUISE LINES (NCL),

        Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, SUSAN CONWAY, by and through her undersigned attorney, and files her Complaint against Defendant, NCL (BAHAMAS) LTD., a Bermuda Corporation d/b/a NORWEGIAN CRUISE LINES (NCL), and states:

1. This is an action for damages that exceed $75,000.00, exclusive of attorney's fees and costs.

2. At all material times, Plaintiff was a citizen of United States, and a resident of Wantagh, Nassau County, New York.

3. At all material times, Defendant was a foreign corporation licensed to conduct business in the State of Florida, and did conduct business in Florida as NORWEGIAN CRUISE LINES (NCL), providing cruise ship voyages to paying passengers, and owned and/or operated a cruise ship known as the M/V *Norwegian Escape*.

4. Jurisdiction is proper in this Court under 28 U.S.C. 1333, which provides original jurisdiction to United States District Courts exclusive of state courts of "any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to

which they may be entitled", and pursuant to Article III, Section 2 of the U.S. Constitution.

5. Venue is proper in the Southern District of Florida in that Defendant's principal place of business is in Miami, Florida, and this action is governed by a forum selection clause in Defendant's ticket contract which provides that all suits be brought in Federal Court in Miami, Florida.

6. Defendant has agreed, in writing, that jurisdiction and venue are proper in the Southern District of Florida under the terms of the cruise ticket contract tendered by Defendant to Plaintiff. A copy of said cruise ticket is in the possession of NORWEGIAN.

7. On or about August 5, 2018, Plaintiff, SUSAN CONWAY, was injured aboard Defendant's vessel during a cruise which originated in, and returned to, New York, New York.

8. At that time and place, Defendant had a duty to paying passengers, including Plaintiff, SUSAN CONWAY, to maintain their premises in a reasonably safe manner under the circumstances, including keeping their flooring, decks and walking surfaces maintained and free of any conditions that would present a hazard and risk of injury not reasonably known to their passengers, but which Defendant knew or should have known existed in the exercise of reasonable care; Defendant's second duty to its' passengers and Plaintiff was to warn of dangerous conditions which Defendant, NORWEGIAN, knew or should have known in the exercise of reasonable caution.

9. On or about August 5, 2018, Defendant breached both of its' duties to Plaintiff, SUSAN CONWAY, by failing to use reasonable care under the circumstances in negligently failing to inspect and maintain the flooring, decks, and walking surfaces on the M/V *Norwegian Escape*, and by failing to give warning, directly or indirectly, to Plaintiff of

the dangerous condition of their flooring, decks, and walking surfaces before Plaintiff fell.

10. As Plaintiff was on her way to her table in the Garden Café on Deck 16, aboard the M/V *Norwegian Escape,* she tripped over luggage that was blocking the walkway.

11. As a proximate result of Defendant's negligent failure to maintain the flooring, decks and walking surfaces, and failure to warn Plaintiff of the dangerous condition, on or about August 5, 2018, Plaintiff, SUSAN CONWAY, severely injured her body.

12. The aforementioned negligence of Defendant created a hazardous condition to their passengers and to Plaintiff, and was known to Defendant or had existed for a sufficient length of time so that Defendant should have known of it, or that such trips and falls occur with such frequency on Defendant's flooring, decks and walking surfaces, and upon other similar flooring, decks and walking surfaces of Norwegian vessels similarly situated, so as to provide prior notice to Norwegian.

13. As a direct and proximate result of Defendant's negligence and Plaintiff's fall, Plaintiff, SUSAN CONWAY, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, Plaintiff, SUSAN CONWAY, demands judgment for the stated damages, interest and costs against Defendant, NCL (BAHAMAS) LTD., a Bermuda Corporation d/b/a NORWEGIAN CRUISE LINES (NCL), a trial by jury, and any such other relief to which Plaintiff may be justly entitled.

Respectfully submitted this 1st day of August, 2019.

_____
Frank D. Butler, Esquire
FBN: 940585
Kelly Ann L. May, Esquire
FBN: 59286
**FRANK D. BUTLER, P.A.**
10550 U.S. Hwy. 19 North
Pinellas Park, FL 33782
Tel: (727)399-2222
Fax: (727)399-2202
courtdocserve@fdblawfirm.com
kmay@fightingforfamilies.com
jseigler@fightingforfamilies.com
Counsel for Plaintiff